IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rickey Cornell, II, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:14-cv-00027 |
| v. | : | |
| World Wide Business Services Corporation, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

**ORDER**

This is an FLSA collective action. Claims are also pleaded under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, and the Ohio Constitution Art. 2, § 34a. This matter is before the Court on plaintiffs' May 18, 2014 motion for conditional class certification, expedited discovery and Court-supervised notice to potential opt-in plaintiffs (doc. 19) and their May 29, 2014 motion for leave to file a first amended complaint (doc. 21).

Defendants' July 16, 2014 motion for leave to file a sur-reply to plaintiffs' reply in support of their motion for leave to file a first amended complaint (doc. 26) is GRANTED.

I.    **Allegations in the Complaint**

Plaintiffs seek to represent all non-exempt employees currently or formerly employed by defendants World Wide Business Services Corporation, Hina Environmental Solutions, LLC, Group Management Services, Inc., and Environmental

Construction Staffing, LLC in the State of Ohio who received wages pursuant to their payroll policies, have not been paid in accordance with the provisions of the FLSA as a result of Defendants' policies, and have been damaged as a result. The class includes any employee of Defendants during the prior three (3) years who were required to report to work at Hina's headquarters located at 2824-B Fisher Road, Columbus, Ohio at or before 6:00 a.m. to prepare their work trucks before traveling to various worksites. Although the employees' compensable hours started when they reported to work, they were not compensated until they arrived at the worksites. Furthermore, the same employees were not compensated for their travel time between worksites if they worked at more than one worksite on the same day. Finally, the employees were not compensated for their time to travel back to Hina's Facility following the completion of work where they were required to unload the work trucks. Defendants required the employees : (1) to report to work no later than 6:00 a.m. to perform substantial duties for their employers' benefits at that time before arriving at the various work-sites; (2) to work at multiple worksites on the same day; and (3) to travel back to Hina's Facility at the end of the day to unload the work trucks.

    **II.**    **Arguments of the Parties**

        **A.**    **Defendants**

Defendants argue that this case is not appropriate for class treatment under the FLSA's collective action provisions because plaintiffs have failed to demonstrate that they are similarly situated to other potential opt-in plaintiffs for purposes of certifying a

class. Notwithstanding the fairly lenient standard at the conditional certification state, plaintiffs have not submitted evidence showing a cognizable class justifying conditional certification. Plaintiffs have not identified or submitted affidavits from additional potential class members. The declarations submitted by plaintiffs do not identify any other potential class members who were required to perform similar uncompensated work. None of the plaintiffs indicate that they have personal knowledge of whether the unidentified workers actually performed their work off the clock, and speculative statements may not form the basis of conditional certification.

Defendants also argues that the plaintiffs have failed to offer any evidence of a widespread discriminatory plan. Even when some employees can demonstrate that they were subjected to an impermissible practice, the fact that only a small percentage of employees can do so cuts against a finding that the employer engaged in a widespread discriminatory practice. Defendants maintain that there must be evidence of an employer's decision to effectuate an unlawful policy or to ignore a lawful one. Only four of the six declarations identify a specific supervisor who allegedly required plaintiffs to work off the clock.

Defendants further argue that plaintiffs have not shown the existence of a manageable class. Defendants maintain that there are varying questions as to (1) what pre- and post-jobsite work was performed; (2) whether the employee recorded any pre- or post-jobsite work; (3) why an unrecorded time was not recorded; (4) who, if anyone, required the unrecorded work time or knew the unrecorded work was performed; (5)

3

the amount of time and pay rate of any unrecorded work; and, (6) whether any additional work resulted in any overtime hours in a given week. According to defendants, this list illustrates the highly individualized inquire that plaintiff's putative collective action will inevitably require, and such individualized questions cut against a finding that a manageable class exists for purposes of an FLSA action.

    B.   **Plaintiffs**

In order for the Court to conditionally certify this class, plaintiffs are required to make a modest factual showing that similarly-situated hourly, non-exempt asbestos abatement workers exist. At this stage, a liberal standard is used to measure whether employees are similarly situated. Plaintiffs argue that they make more than a modest factual showing that they are similarly situated to all putative class members, and defendants' assertion that they do not meet this lenient standard is without merit. Plaintiffs maintain that the declarations submitted with their motion support their claim and demonstrate that they were subject to a widespread plan. In their declarations, plaintiffs indicate that they and the other asbestos abatement workers employed by defendants were (1) required to report to defendant Hina Environmental Solutions, LLC's facility each morning where they loaded trucks and performed other work tasks even though they were not on the clock until they arrived at the first worksite: (2) not compensated for travel time between worksites; and, (3) required to return to the Hina facility after they were off the clock in order to unload trucks. Plaintiffs maintain that the 14 declarations submitted to the Court support their claims and are evidence that

the policies were widespread and affected all other asbestos abatement workers employed by defendants.

Plaintiffs also argue that the factors considered by the Court in determining if this matter is well-suited for resolution through a collective action weigh in favor of conditional certification. According to plaintiffs, they are not required to make fact-specific statements at this state of the proceedings, and conditional certification is typically granted if a plaintiff provides statements supporting an inference that they have knowledge of company-wide unlawful practices. Plaintiffs maintain that they are not required to identify by name each individual affected by defendants' policy, nor do they need to name the individual employees of defendants that enforced their widespread policies. If every plaintiff was required to name and join every potential member of the class at the conditional certification state, there would not be any collective actions.

Plaintiffs further argue that courts have rejected defendants' assertion that because this case would require an individual assessment of each asbestos abatement worker's employment, collective action is improper. The FLSA does not require that all employees of a proposed class be subject to the exact same amount of unpaid overtime. Conditional certification is proper if the workers are unified by common theories of defendants' statutory violations and suffer from a single, FLSA-violating policy. Their claims and damages do not have to be identical.

5

**III.     Discussion**

Section 216(b) of the Fair Labor Standards Acts establishes a private right of action for employees to collectively sue an employer in order to recover unpaid overtime compensation. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862 (S.D. Ohio 2005). Section 216(b) states:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).

In general, courts have adopted a two-tiered certification approach for deciding whether a suit can proceed as a collection action. First, a court must decide whether notice of the pending action and an opportunity to "opt-in" should be given to the potential class members. At this step, to obtain what is known as, "conditional certification," a plaintiff must demonstrate that he is similarly situated to the employees he seeks to notify of the pending action. After a plaintiff's motion for conditional certification has been granted, the notice has been sent, and discovery has been completed, a defendant can file a motion for decertification challenging the court's preliminary finding that the other employees are similarly situated.

Although courts have various standards on what a plaintiff must show to obtain conditional certification, most courts apply a fairly lenient standard.

> Many courts have held that "a modest factual showing" is all that is required before a court authorizes notice to be sent to potential plaintiffs. *Olivo* [*v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545,] 548 [(E.D. Mich. 2004)] ( quoting *Flores v. Lifeway Foods, Inc.*, 289 F. Supp.2d 1042, 1045 (N.D. Ill. 2003)). A few courts, however, have held that this burden may be satisfied based solely on allegations in a complaint. *See Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)(citing cases).

*Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005).

Plaintiffs Rickey Cornell II, Rickey Cornell, Sr., Levi Cornell, David Saylor, Nicholas Hale, and Charles Mauller submitted declarations in support of the motion for conditional certification. The declarations state that plaintiffs were required to be at the Hina facility at around 6:00a.m. although they and the other workers were not on the clock until they arrived at the worksite sometime after 7 a.m. Plaintiffs and other workers were required to clock out prior to traveling to a different worksite.

Despite defendants' position that the declarations are not sufficient to demonstrate that workers other than plaintiffs were subjected to the policy of loading and unloading trucks and traveling to worksites off the clock, the declarations are sufficient to make a modest factual showing that there are similarly-situated hourly, non-exempt asbestos abatement workers who were required to work off the clock.

### IV.  Motion for Leave to File an Amended Complaint

A party may amend as a matter of course within 21 days after serving it or within 21 days of the earlier of either being served with a responsive pleading or a

7

motion under Rule 12(b),(e), or (f). Rule 15(a)(2)(A) and (B), Fed. R. Civ. P. In all other circumstances, an amended pleading may be file only with consent of the opposing party or leave of court. "The court should freely give leave when justice so requires." Rule 15(a)(2), Fed. R. Civ. P. That standard was construed by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*See, Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

The Sixth Circuit has ruled that "[i]t is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir. 1980) (citing *Buron v. California,* 438 F.2d 637 (9th Cir. 1971) (per curiam); *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994). A court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous. *See Madison Fund, Inc. v. Denison Mines Ltd.,* 90 F.R.D. 89, 91 (S.D.N.Y. 1981); *Key Pharmaceuticals, Inc. v. Lowey,* 54 F.R.D. 445, 449 n.5 (S.D.N.Y. 1972). Normally, the merits of a complaint are best

8

resolved through a motion to dismiss or a motion for summary judgment. *See WIXT Television, Inc. v. Meredith Corp.,* 504 F. Supp. 1003, 1010 (N.D.N.Y. 1980). However, if there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim, leave should be denied. *See Cooper v. American Employers' Ins. Co.,* 296 F.2d 303, 307 (6th Cir. 1961).

Defendants argue that the amended pleading attached to plaintiffs' reply is procedurally improper.¹ Although issues raised in a reply brief are typically disregarded, defendants a motion to file a sur-reply, which is GRANTED. As a result, defendants have provided the Court with its position concerning the new proposed first amended complaint. Defendants object to the proposed amended complaint on the basis that it is not timely given that the scheduling order established as May 29, 2014 as the deadline by which plaintiffs had to file a motion for leave to amend their complaint. Plaintiff's initial motion, however, was timely filed. Given that plaintiffs considered defendants' arguments and voluntarily removed their claim for breach of contract, thereby eliminating any need for defendants to file a motion to dismiss in the event that

---

¹In their memorandum in opposition to plaintiffs' motion for leave to file a first amended complaint, defendants argued that plaintiffs' claim for breach of contract was futile. In their reply, plaintiffs withdrew their proposed breach of contract claim and attached a new first amended complaint asserting a new claim that defendants' failed to timely pay wages under Ohio Revised Code § 4113.15. Defendants also asserted that plaintiffs' claims for unjust enrichment and quantum meruit were an attempt to get around the statute of limitations for FLSA claims, but they did not argue that the claims were subject to a motion to dismiss.

9

plaintiffs' motion was granted, I cannot say that plaintiffs did not act diligently or have good cause for filing their a new proposed amended complaint under Rule 16(b).[2]

Accordingly, plaintiffs' May 29, 2014 motion for leave to file an amended complaint (doc. 21) is **GRANTED.** The Clerk of Court is **DIRECTED** to file the amended complaint attached to the reply in support of their motion.

V.      **Conclusion**

Plaintiffs' May 18, 2014 motion for conditional class certification, expedited discovery and Court-supervised notice to potential opt-in plaintiffs (doc. 19) and their May 29, 2014 motion for leave to file a first amended complaint (doc. 21) are GRANTED. Defendants' July 16, 2014 motion for leave to file a sur-reply to plaintiffs' reply in support of their motion for leave to file a first amended complaint (doc. 26) is

---

[2]An untimely motion for leave to amend is considered to be a request under Fed. R. Civ. P. 16(b)(4) to modify the case schedule to permit such a motion. This rule does not provide for leave to be "freely" given, but rather that the case schedule itself be modified only "for good cause". *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, a court will adhere to the principle that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." *Deghand v. Wal-Mart Stores*, 904 F. Supp. 1218, 1221 (D. Kan. 1995). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001), citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rule 16 is designed to ensure that "at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16, 1983 advisory committee's notes.

also GRANTED. Counsel are DIRECTED to meet and confer with regard to an acceptable form of the notice that will be issued to potential opt-in plaintiffs.

s/Mark R. Abel
United States Magistrate Judge
